# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Patrick Earl Young, | No. CV 09-1629-PHX-MHM (DKD) |
| Plaintiff, | **ORDER** |
| vs. | |
| Joe Arpaio, et al., | |
| Defendants. | |

Plaintiff Patrick Earl Young, who is confined in the Maricopa County Towers Jail, filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 and an Application to Proceed *In Forma Pauperis*. On September 22, 2009, the Court granted Plaintiff *in forma pauperis status* and dismissed the Complaint with leave to amend. On October 8, 2009, Plaintiff filed an Amended Complaint. The Court will order Defendant Detention Officer #B0086 to answer Count I of the Amended Complaint and will dismiss the remaining claims and Defendants without prejudice.

**I.     Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may

be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950. Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. Id. at 1951.

## II. Amended Complaint

Plaintiff sues the Maricopa County Sheriff's Office, Detention Officer #B0086, the Maricopa County Board of Supervisors, and Maricopa County Sheriff Joe Arpaio.

Plaintiff raises three grounds for relief in the Amended Complaint:

(1) Defendant Detention Officer #B0086 used excessive force on Plaintiff, in violation of the Fourth, Fourteenth, and Eighth Amendments, when he repeatedly slammed Plaintiff's face into a wall, then dropped Plaintiff onto a bunk where he kneed Plaintiff's back and punched Plaintiff in the head and back; Plaintiff alleges he did not provoke the use of force or resist Defendant's use of force;

(2) Defendant Detention Officer #B0086's use of force constitutes cruel and

|   |   |
|---|---|
| 1 | unusual punishment and deliberate indifference; and |
| 2 | (3) The incident described in Count I created unconstitutional conditions of |
| 3 | confinement and violated Plaintiff's Fourteenth Amendment rights. |
| 4 | Plaintiff seeks money damages and injunctive relief. |

## III. Failure to State a Claim

### A. Maricopa County Sheriff's Office

The Maricopa County Sheriff's Office is not a proper Defendant. In Arizona, the responsibility of operating jails and caring for prisoners is placed by law upon the sheriff. See Ariz. Rev. Stat. § 11-441(A)(5); Ariz. Rev. Stat. § 31-101. A sheriff's office is simply an administrative creation of the county sheriff to allow him to carry out his statutory duties, and not a "person" amenable to suit pursuant to § 1983. Therefore, the Maricopa County Sheriff's Office will be dismissed.

### B. Maricopa County Board of Supervisors and Joe Arpaio

To state a valid claim under § 1983, plaintiffs must allege that they suffered a specific injury as a result of specific conduct of a defendant and show an affirmative link between the injury and the conduct of that defendant. Rizzo v. Goode, 423 U.S. 362, 371-72, 377 (1976). Although Plaintiff lists the Maricopa County Board of Supervisors and Joe Arpaio as Defendants, Plaintiff has not made any allegations against them in the body of the Amended Complaint. Plaintiff has therefore failed to state a claim against Defendants Maricopa County Board of Supervisors and Arpaio, and the Court will dismiss these Defendants.

### C. Counts II and III

Counts II and III of the Amended Complaint rely on the same factual allegations contained in Count I and do not state separate grounds for relief. The Court will therefore dismiss Counts II and III as duplicative.

## IV. Claims for Which an Answer Will be Required

Liberally construed, Plaintiff has adequately stated a Fourth Amendment excessive force claim against Defendant Detention Officer #B0086 in Count I of the Amended Complaint. The Court will require Defendant Detention Officer #B0086 to answer Count

I of the Amended Complaint.

## V. Warnings

### A. Release

Plaintiff must pay the unpaid balance of the filing fee within 120 days of his release. Also, within 30 days of his release, he must either (1) notify the Court that he intends to pay the balance or (2) show good cause, in writing, why he cannot. Failure to comply may result in dismissal of this action.

### B. Address Changes

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

### C. Copies

Plaintiff must serve Defendant, or counsel if an appearance has been entered, a copy of every document that he files. Fed. R. Civ. P. 5(a). Each filing must include a certificate stating that a copy of the filing was served. Fed. R. Civ. P. 5(d). Also, Plaintiff must submit an additional copy of every filing for use by the Court. See LRCiv 5.4. Failure to comply may result in the filing being stricken without further notice to Plaintiff.

### D. Possible Dismissal

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1) Counts II and III, and Defendants Maricopa County Sheriff's Office, Maricopa County Board of Supervisors, and Arpaio are **dismissed** without prejudice.

(2) Defendant Detention Officer #B0086 must answer Count I of the Amended Complaint.

(3) The Clerk of Court must send Plaintiff a service packet including the Amended Complaint (Doc. #6), this Order, and both summons and request for waiver forms for Defendant Detention Officer #B0086.

(4) Plaintiff must complete and return the service packet to the Clerk of Court within 20 days of the date of filing of this Order. The United States Marshal will not provide service of process if Plaintiff fails to comply with this Order.

(5) If Plaintiff does not either obtain a waiver of service of the summons or complete service of the Summons and Amended Complaint on Defendant within 120 days of the filing of the Complaint or within 60 days of the filing of this Order, whichever is later, the action may be dismissed. Fed. R. Civ. P. 4(m); LRCiv 16.2(b)(2)(B)(I).

(6) The United States Marshal must retain the Summons, a copy of the Amended Complaint, and a copy of this Order for future use.

(7) The United States Marshal must notify Defendant of the commencement of this action and request waiver of service of the summons pursuant to Rule 4(d) of the Federal Rules of Civil Procedure. The notice to Defendant must include a copy of this Order. The Marshal must immediately file requests for waivers that were returned as undeliverable and waivers of service of the summons. If a waiver of service of summons is not returned by Defendant within 30 days from the date the request for waiver was sent by the Marshal, the Marshal must:

    (a) personally serve copies of the Summons, Amended Complaint, and this Order upon Defendant pursuant to Rule 4(e)(2) of the Federal Rules of Civil Procedure; and

    (b) within 10 days after personal service is effected, file the return of service for Defendant, along with evidence of the attempt to secure a waiver of service of the summons and of the costs subsequently incurred in effecting service upon Defendant. The costs of service must be enumerated on the return of service form (USM-285) and must include the costs incurred by the Marshal for photocopying additional copies of the Summons, Amended Complaint, or this Order and for preparing new process

1 | receipt and return forms (USM-285), if required. Costs of service will be taxed against
2 | the personally served Defendant pursuant to Rule 4(d)(2) of the Federal Rules of Civil
3 | Procedure, unless otherwise ordered by the Court.

(8) **If Defendant agrees to waive service of the Summons and Amended Complaint, he must return the signed waiver forms to the United States Marshal, not the Plaintiff.**

(9) Defendant must answer the Amended Complaint or otherwise respond by appropriate motion within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

(10) This matter is referred to Magistrate Judge David K. Duncan pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for all pretrial proceedings as authorized under 28 U.S.C. § 636(b)(1).

DATED this 3rd day of December, 2009.

_____
Mary H. Murguia
United States District Judge